IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

TERRANCE J. SHAW,

                     Plaintiff,                    OPINION & ORDER

  v.

                                                    15-cv-511-wmc

EDWARD WALL, SANDY DEYOUNG,
KATHY SABEL, MICHAEL TURNER,
SERGEANT HUNT, JENNIFER DELVAUX,
and SERGEANT COOK,

                     Defendants.
───────────────────────────────────────────────

Plaintiff Terrance Shaw has filed suit for monetary damages and injunctive relief arising from various incidents while incarcerated by the Wisconsin Department of Corrections ("WDOC"). The court screened his complaint under 28 U.S.C. § 1915A and permitted him to proceed on his First Amendment claim against defendants DeYoung, Sabel, Turner, Delvaux, Hunt and Wall, as well as on his Eighth Amendment claim against defendants Delvaux and Hunt. In that order, however, the court denied Shaw's request for emergency injunctive relief because he had failed to follow the court's procedures or meet other thresholds warranting injunctive relief. Shaw subsequently filed the following motions: (1) a Motion for Assistance in Recruiting Counsel (dkt. #14), (2) a Motion for Emergency Injunctive Relief (dkt. #15), (3) a Motion for Reconsideration (dkt. #19), (4) a Motion for Continuance (dkt. #23), (5) a Motion to Supplement Complaint (dkt. #22), and (6) a Motion to Amend Complaint (dkt. #26). For the reasons stated below, the Motion to Amend Complaint will be granted and the remaining motions will be denied.

I.      **Motion for Assistance in Recruiting Counsel (dkt. #14).**

This is not Shaw's first rodeo. *See Shaw v. Wisconsin Courts of Appeals*, No. 3:05-cv-96-bbc (closed Feb. 23, 2005); *Shaw v. Wall*, No. 3:12-cv-497-wmc (closed June 29, 2015); and *Shaw v. Metzen*, No. 3:13-cv-847-wmc (closed Sept. 1, 2015). Accordingly, Shaw is well aware that he does not have the right to counsel, and the court must use discretion in determining whether to recruit *pro bono* counsel to assist him. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* public.") Before deciding whether it is necessary to recruit counsel, the court must find that: (1) the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful; or (2) he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). There is nothing to suggest that the latter is true, and Shaw has provided nothing to indicate he has made reasonable efforts with regard to the former. Accordingly, his motion will be denied without prejudice.

Even if Shaw had cleared this threshold, the court would still not be ready to decide whether to assist Shaw in finding counsel. His claims have only recently been outlined in a screening order (Dkt. #7) and the preliminary pretrial conference has not yet taken place, as it is scheduled for December 22.

Beyond Shaw's motions addressed in this opinion, there is also nothing pending before the court that requires plaintiff's attention. As a result, even if Shaw had shown that he had made reasonable efforts to recruit an attorney, it is too early for the court to assess the relative value of appointing counsel here.

Before deciding to renew his motion, the court would encourage Shaw to consider carefully the following:

(1) It is unlikely that the necessity of counsel in this case will become evident until after the court has ruled on a dispositive motion from defendants, including any obvious procedural bars that may apply. So it is equally unlikely that the court will recruit counsel for Shaw before that time.

(2) The court receives *many* more requests for counsel than its pool of available volunteers can accommodate. So court-assistance in recruiting a volunteer is typically reserved for those cases presenting exceptional circumstances, whether with respect to legal complexity, discovery challenges or need for trial.

(3) Any subsequent motion by Shaw must include not only proof of his efforts to retain counsel, but *specific* details explaining what tasks counsel is needed to perform and why he is unable to continue litigating effectively on his own.

Shaw's motion for counsel will, therefore, be denied without prejudice for later reconsideration.

**II.     Motion for Emergency Injunctive Relief (dkt. #15).**

After bringing suit, Shaw informed the court that he was transferred from the Oshkosh Correctional Institution ("OSCI") to the Racine Correctional Institution ("RCI"). (Dkt. #13.) While his previous request for injunctive relief sought an order stopping this impending transfer, as noted above, Shaw did not follow this court's procedures for injunctive relief, nor did he establish any of the prerequisites for obtaining such relief. (*See* dkt. #7.) For similar reasons, Shaw's renewed motion will be denied.

To prevail on a motion for a preliminary injunction, a party must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). If he meets these three requirements, the court must balance the relative harms that could be caused to either party. *Id.* Shaw's submissions have established none of these requirements that would warrant injunctive relief. (*See* dkts. #13, #18, #20.)

As to the merits prong, Shaw had the burden to establish some likelihood that he could show that: (1) his speech was constitutionally protected; (2) one or more retaliatory actions

taken by the defendants would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) it is plausible to infer that the plaintiff's protected activity was one of the reasons defendants took adverse action against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009).

Here, Shaw makes no meaningful effort to prove that his First Amendment retaliation claim is meritorious beyond showing that his transfer to RCI constitutes an adverse action. Shaw does state that: (1) RCI has denied him access to his brand new typewriter wheel; (2) RCI requires he do all his legal work on his bed; (3) even though all of his legal documents arrived at RCI, they are now stored in cardboard boxes piled on top of each other; and (4) he has been denied a request for white out correction tape. (Dkts. #13, #15-1, #20.) Shaw also submitted two affidavits from other inmates, both of which state that WDOC staff lost *their* legal papers, and they believe that an inmate transfer is a ruse to take away an inmate's property. (Dkts. #16, #17.) In the end, however, these affidavits reference only two other inmates personal experiences with WDOC staff, along with their conclusory beliefs that WDOC staff are trying to retaliate against Shaw.

Viewing these submissions generously for purposes of obtaining preliminary relief, it is arguable that Shaw has sufficiently established the adverse action element of a retaliation claim, if only because it is somewhat more difficult for Shaw to litigate this case at RCI, but he submits *no* facts to suggest that the defendants' decision to transfer him was motivated by the fact that he brought a lawsuit against OSCI staff. This is a significant gap in Shaw's proof because *nothing* he submitted implicates any of the actions taken by the defendants. Accordingly, Shaw has so far failed to show a likelihood of success on the merits, and his request for injunctive relief will again be denied without prejudice.

4

III.   **Motion for Reconsideration (dkt. #19).**

Shaw seeks reconsideration of the court's screening order (dkt. #7) on two issues, but fails to identify an error of law that merits reconsideration. Shaw initally points out that in the analysis of his First Amendment claim against DeYoung, Sabel, Turner and Hunt, the court stated that "DeYoung prepared an affidavit for use against him." (Dkt. #7, at 5.) In fact, Shaw correctly points out that he actually alleged in his complaint that it was *Sabel* who provided the affidavit. While Shaw is correct, this mistake has no bearing on the court's decision because the court permitted Shaw to proceed on his First Amendment claim against both defendants. Accordingly, there is no need or grounds to amend or correct the court's screening order on this basis.

Shaw also wants to name defendants Delvaux and Hunt in their official capacities, while faulting the court's order for stating that he named them individually only. (*See id.*) However, defendants may be sued in their official capacities under § 1983 only where plaintiff has alleged that his constitutional rights were violated as a result of an official policy or widespread custom of the Department of Corrections. *Grieveson v. Anderson,* 538 F.3d 763, 771 (7th Cir. 2008). As Shaw's allegations related to Delvaux's and Hunt's decision not to provide Shaw with wheelchair access on one occasion, there is no official capacity claim as to those defendants.

Since Shaw has pointed to no reason to alter or amend the court's screening order, this motion will also be denied.

IV.   **Motion for Continuance (dkt. #23).**

In this motion, Shaw requests a continuance of this matter until his pending motions have been resolved. As the court has resolved his pending motions, this motion is now moot and will be denied.

5

V.  **Motion to Supplement Complaint (dkt. #22).**

Shaw seeks the court's permission to supplement his complaint to include allegations that defendants Jennifer Delvaux and Sergeant Hunt did not permit him access to his wheelchair "because" he is disabled. In its screening order, the court permitted Shaw to proceed on First and Eighth Amendment claims against Delvaux and Hunt because they did not permit Shaw access to his wheelchair on one occasion. The court did not allow Shaw's ADA and Rehabilitation Act claims to proceed, in part because he alleged that these defendants denied him the wheelchair because of this lawsuit, not solely because he is disabled, a necessary fact to state a claim under the ADA and Rehabilitation Act. (Dkt. #7.)

Shaw's motion is an attempt to save from dismissal his Americans with Disabilities Act ("ADA") and Rehabilitation Act claims. Yet in his proposed supplement to his complaint, although Shaw claims that the wheelchair was denied because of this lawsuit, he still includes allegations that Delvaux and Hunt denied him the access because of the lawsuit. In particular, Shaw wishes to include the allegation that after he was denied access to his wheelchair, Hunt said to him "Who are you going to sue now?" This fact is consistent with the allegations in his complaint that Delvaux and Hunt denied him the wheelchair because of the lawsuit, not because he was disabled. Accordingly, as Shaw's new proposed allegations will not change the fact that Shaw has no ADA or Rehabilitation Act claim, his motion will be denied. *See CogniTest corp. v. Riverside Pub. Co.*, 107 F.3d 493, 499 (7th Cir. 1997) (leave to amend may be denied "where amendment would be futile").

VI.  **Motion to Amend Complaint (dkt. #26).**

Finally, Shaw asks to amend his complaint to include a claim for retaliation against Sergeant Cook. In its screening order, the court did not permit Shaw to proceed on this claim

6

because he alleged that Cook initially said he would not permit Shaw to mail his settlement agreement to an inmate in another institution, then reversed himself and permitted it, even though the other inmate never received the mail. Shaw now seeks to add allegations that: (1) he believes Cook discarded this mail because Cook initially "flicked" the agreement back at Shaw before agreeing to mail it; and (2) the mail rarely gets lost. Shaw's request will be granted because he now alleges, based on information and belief, that Cook actually did disregard his mail, which is sufficient to create an inference that Cook took an adverse action against him due to his prior law suit.

ORDER

IT IS ORDERED that Plaintiff Terrance Shaw's Motion for Assistance in Recruiting Counsel (dkt. #14), Motion for Emergency Injunctive Relief (dkt. #15), Motion for Reconsideration (dkt. #19), Motion for Continuance (dkt. #23), Motion to Supplement (dkt. #22), are all DENIED. The Motion to Amend Complaint (dkt. #26) is GRANTED. Sergeant Cook is reinstated as a defendant and plaintiff may now proceed on his First Amendment claim against him.

Entered this 8th day of December, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge